OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the case remitted to that court to consider the question raised within the exercise of its discretion.
Appellant, the City of New York, in 1970 entered into a contract with respondent for street repaving. During 1971, to secure extensions of contract time and expedite periodic payments, respondent signed several letters agreeing to “waive and release all claims which we may have against the City of New York, arising out of the aforesaid contract.” Respondent thereafter commenced suit against the city, seeking damages based on unexpected overruns not fairly compensated for by the contract. The action proceeded with no mention by the city of respondent’s letters until, six and one-half years after the action had begun, the city sought dismissal of the complaint on the grounds of “waiver and release.” The issue presented by this appeal is whether “waiver and release” may be asserted as an affirmative defense for, if permitted, this may be dispositive in accordance with Mars Assoc. v City of New York (53 NY2d 627).
Trial Term initially denied permission to assert the defense, finding the belated amendment prejudicial to respondent and of dubious merit, and granted summary judgment for respondent on the issue of liability. However, on motion for reargument, renewal and leave to amend the answer, the court reversed itself. It was persuaded that respondent’s claim of prejudice was without basis, that the defense of waiver and release was meritorious in light of Mars Assoc. v City of New York (supra), which had been handed down by this court after Trial Term’s initial decision, and that the city should have summary judgment dismissing the complaint. The Appellate Division reversed on the law, holding that (1) there was no consideration for the waiver; (2) the city was guilty of laches in failing to assert waiver for more than five years after service of a note of issue; and (3) the court abused its discretion in granting the city’s summary judgment motion based on *959 respondent’s letters since the city’s laches was akin to default on the issue.
We now reverse and remit to the Appellate Division for an exercise of its discretion with respect to the city’s motion under CPLR 3025 (subd [b]) for permission to amend its answer.
Permission to amend pleadings should be “freely given” (CPLR 3025, subd [b]). The decision to allow or disallow the amendment is committed to the court’s discretion. (Murray v City of New York, 43 NY2d 400, 404-405.) “Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3025:5, p 477.) The prejudice asserted here was inability to locate a potential witness, a former city employee, who allegedly would have testified that respondent’s letter was not intended to release all claims against the city. However, after the city disclosed the address and phone number of this witness in its renewed motion, respondent did not show that it would suffer significant prejudice. Trial Term did not abuse its discretion as a matter of law in permitting appellant to amend its answer to include the affirmative defense of waiver and release.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.