■ GERALD FELDER et al., Appellants, v LOUIS N. WANK et al., Respondents. (And a Third-Party Action.) [613 NYS2d 246] — In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), entered November 23, 1992, as, upon reargument, granted the defendants' motion to amend their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

When the defendants moved to amend their answer in order to withdraw their admission, the Statute of Limitations had already expired. Because the plaintiffs were no longer able to institute an action against the third-party defendant, Carlstone Corporation, they contend that they were prejudiced by the granting of the defendants' motion. We disagree.

The plaintiffs have failed to demonstrate that they were, in fact, prejudiced by the granting of the defendants' motion *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). The injured plaintiff was employed by the Carlstone Corporation on the date of the accident and, accordingly, is precluded from instituting an action against the third-party defendant by the exclusivity of the workers' compensation remedy. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.