■ DONNA LAPKIN, Individually and on Behalf of Her Infant Children, JASON LAPKIN and Another, Respondent, v NATHANIEL LAPKIN et al., Appellants. [637 NYS2d 140] —Order, Supreme Court, New York County (David Saxe, J.), entered on or about July 21, 1995, which, insofar as appealed from, granted plaintiff's motion to amend the complaint so as to add a cause of action for equitable estoppel, and denied defendants' cross motion for summary judgment, unanimously affirmed, without costs or disbursements.

Summary judgment cannot be granted solely on the basis of the defendant father-in-law's denial of having orally promised to support plaintiff and her children. Such denial serves only to raise an issue of credibility. Moreover, it is at variance with a long history of support. Defendants' assertion of the statute of frauds as a bar to this action is premature prior to discovery. Defendants' own records may contain a writing sufficient to satisfy the statute. Nor can it be determined at this stage whether the statute is rendered inapplicable by partial performance.

Given the absence of prejudice since the claim arises out of the same set of facts originally alleged, leave to amend the complaint to include a claim of equitable estoppel was properly granted. Defendants were or should have been alerted to the claim from the outset (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Schrader v Carney*, 180 AD2d 200, 208). Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.