■ LEASE CORPORATION OF AMERICA, INC., Plaintiff, v WILLIAM RESNICK et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. EDWARD J. ACTON et al., Third-Party Defendants-Respondents-Appellants. (And a Fourth-Party Action.) [732 NYS2d 266] —Crew III, J. P. Cross appeals from an order of the Supreme Court (Ledina, J.), entered August 23, 2000 in Sullivan County, which, *inter alia,* granted third-party defendants' motion for summary judgment dismissing the third-party complaint and, *sua sponte,* dismissed third-party defendants' causes of action against defendants.

In or about March 1995 defendants, owners of certain real property located in the Town of Fallsburg, Sullivan County, entered into an oral agreement with third-party defendants to permit the latter to construct a baseball stadium and operate a minor league baseball franchise on the subject property. Once third-party defendants fulfilled the terms of this oral agreement, defendants were to convey the property. After entering into this agreement, however, third-party defendants apparently experienced certain cash flow problems, prompting defendants to extend a loan of some $750,000. In an effort to memorialize this arrangement, the parties executed a written agreement dated August 21, 1995, pursuant to the terms of which third-party defendants agreed to, *inter alia,* repay defendants for the sum advanced on or before October 1, 1995, together with interest. The agreement further provided that if such repayment was not forthcoming and third-party defendants otherwise failed to perform under the terms of the written agreement, the prior oral agreement would be deemed void and defendants would be relieved of their obligation to convey the subject property.

Third-party defendants thereafter failed to repay the sum advanced and defendants declined to convey the now-improved parcel. Various lawsuits ensued including, insofar as is relevant to this appeal, a third-party action by defendants seeking, *inter alia,* repayment of the money loaned. Third-party defendants, in turn, commenced an action against defendants seeking, *inter alia,* damages for breach of the oral agreement. Ultimately, third-party defendants moved for summary judgment dismissing the third-party complaint. Supreme Court granted the motion, finding that the final paragraph of the August 21, 1995 letter constituted a liquidated damages clause and, as such, defendants' remedy for third-party defendants' failure to repay the sum advanced was limited to their reten-

tion of the improved parcel of land. Supreme Court also, *sua sponte*, dismissed third-party defendants' causes of actions and/or counterclaims against defendants, finding that inasmuch as defendants were entitled to retain the land, together with the subject improvements, third-party defendants could have no claim against defendants for any sums expended in the construction or initial operation of the ballpark. These cross appeals ensued.

We affirm. The case law makes clear that "[p]arties to a contract may provide for anticipatory damages in the event of failure to complete performance within the time specified, as long as such agreement is neither unconscionable nor contrary to public policy" (*X.L.O. Concrete Corp. v Brady & Co.*, 104 AD2d 181, 183, *affd* 66 NY2d 970). Such anticipatory or liquidated damages " 'constitute the compensation which, the parties have agreed, should be paid in order to satisfy any loss or injury flowing from a breach of their contract' " (*LeRoy v Sayers*, 217 AD2d 63, 69, quoting *Wirth & Hamid Fair Booking v Wirth*, 265 NY 214, 223).

Turning to the document at issue here, the final paragraph of the August 21, 1995 letter provided as follows: "That if the payments are not made as set forth in this letter, and if [third-party defendants] do not do the other affirmative acts called for in this letter, it is agreed that any prior understanding that we may have had with regard to the turning over of the property is void." Stated another way, once third-party defendants failed to, *inter alia*, repay the sum advanced (and there is no question that they failed to do so), defendants were not only expressly relieved of their obligation to convey the parcel, but also were permitted to retain the parcel, together with all the improvements placed there at third-party defendants' expense.

In our view, the quoted contract provision constitutes a valid liquidated damages clause—plainly delineating defendants' damages in the event that third-party defendants failed to perform.* Contrary to the position taken by defendants, liquidated damages need not necessarily be monetary in nature. Additionally, the fact that the relevant portion of the August 21, 1995 letter was not expressly labeled as a "liquidated damages provision" is not dispositive (*see, Truck Rent-A-Ctr. v Pu-*

---

* If such provision was, as defendants contend, merely a restatement of the doctrine of anticipatory breach, its inclusion in the August 21, 1995 letter would be superfluous. In other words, while the relevant paragraph perhaps could have been phrased more artfully, its mere inclusion in the document lends support to the finding that it indeed was intended to be a liquidated damages provision.

*ritan Farms 2nd*, 41 NY2d 420, 425; *Scudder v Baker*, 172 AD2d 40, 43, *lv denied* 80 NY2d 757). Nor is there sufficient proof in the record to permit us to find that the subject clause constitutes an unenforceable penalty (*see generally*, *X.L.O. Concrete Corp. v Brady & Co.*, *supra*, at 183 [provision will be treated as unenforceable penalty where the stipulated damages are plainly disproportionate to the injury]). While defendants, with the benefit of hindsight, may have made a bad bargain, it is not the function of this Court to rewrite the parties' agreement.

Having concluded that Supreme Court properly dismissed the third-party complaint, it necessarily follows that third-party defendants' various counterclaims and causes of action were properly dismissed as well. The parties' agreement plainly provided that defendants were entitled to retain the parcel, together with the improvements placed there at third-party defendants' expense, in the event that third-party defendants failed to perform. Therefore, since there is no dispute that third-party defendants failed to repay the sum advanced by defendants, third-party defendants simply cannot maintain a claim against defendants for the costs incurred in the construction and/or initial operation of the ballpark or for any lost profits or earnings. The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

