■ FIRST FRONTIER PRO RODEO CIRCUIT FINALS, LLC, Appellant, v PRCA FIRST FRONTIER CIRCUIT, Respondent, et al., Defendants. [737 NYS2d 694] —Lahtinen, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 18, 2000 in Broome County, which partially granted a motion by defendant PRCA First Frontier Circuit for summary judgment dismissing the complaint against it.

Plaintiff entered into a written contract with defendant PRCA First Frontier Circuit (hereinafter defendant) in February 1998 to promote and manage the 1998 PRCA Professional Rodeo Finals to be held in the City of Binghamton, Broome County, in November of that year. The contract required, inter alia, plaintiff to be financially responsible for all expenses, provide defendant with "full financial disclosure of the 1998 Circuit Finals Rodeo [and 10% of any profit] within thirty (30) days from the last performance" and extended to plaintiff a right of first refusal to promote the rodeo for the following 10 years. Plaintiff alleges that, in December 1998, an understanding was reached with several members of defendant's board of directors that it would host the 1999 rodeo. In May 1999, however, plaintiff had not yet paid all the expenses associated with the contract nor provided defendant with a financial statement. On May 8, 1999, defendant notified plaintiff by letter that it would not renew its contract with plaintiff to promote and manage the 1999 rodeo in Binghamton. Plaintiff responded by commencing this action against defendant and others for monetary damages and injunctive relief. Defendant eventually moved for summary judgment seeking dismissal of the complaint against it alleging causes of action for breach of contract, unjust enrichment and fraud. Supreme Court partially granted defendant's motion and dismissed plaintiff's breach of contract and unjust enrichment claims, and plaintiff now appeals.

Plaintiff does not dispute that it failed to pay all the bills and submit a full financial report, but contends that its substantial performance of the contract entitled it to enforce its right of first refusal to host the 1999 rodeo. We disagree. In the absence of some factor excusing compliance with the terms of a contract, "[a] plaintiff seeking to maintain an action for * * * damages for nonperformance of a contract must demonstrate that a tender of his or her own performance was made" (*Madison Invs. v Cohoes Assocs.*, 176 AD2d 1021, 1021, *lv*

*dismissed* 79 NY2d 1040; *see, Sherba v Midstate Precast Sys.*, 230 AD2d 944, 946). In light of plaintiff's conceded nonperformance of its contract obligations and the absence of any factor excusing performance, Supreme Court properly granted summary judgment dismissing plaintiff's breach of contract cause of action.

With respect to plaintiff's cause of action for unjust enrichment, defendant argues that this cause of action sounds in quasi contract and the existence of a valid and enforceable written contract precludes a recovery on a theory of unjust enrichment on the facts presented here (*see, Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388). We disagree with defendant's argument since there was no valid and enforceable written contract in existence. Although Supreme Court termed defendant's rejection of plaintiff's right of first refusal a rescission rather than a refusal to perform, we nonetheless conclude that the parties' existing contract was not intended to govern the terms of their anticipated future relationship. Rather, the contract's right-of-refusal provision contemplated that defendant would first offer to plaintiff any future contract for promoting its rodeo. Since defendant justifiably refused to perform due to plaintiff's own breach, the parties never entered into any contract governing promotion of the 1999 event. Defendant presents no other argument supported by evidentiary proof in admissible form which addresses plaintiff's cause of action alleging that its efforts concerning the management and promotion of the 1999 rodeo unjustly enriched defendant.

Plaintiff's member, James Hawkins, alleged that he had a positive meeting with defendant's principals in Las Vegas in December 1998 and, as a result thereof, began preparations for the 1999 rodeo by making arrangements to lease the Broome County Veterans Memorial Arena and signing up sponsors and vendors. Accepting these allegations as true, as we must on a summary judgment motion (*see, Rizk v Cohen*, 73 NY2d 98, 103), and when viewed in a light most favorable to plaintiff, we find that they raise a triable issue of fact as to whether defendant unjustly benefitted from those efforts by plaintiff. In the absence of the appropriate evidentiary submissions from defendant establishing its entitlement to judgment as a matter of law dismissing plaintiff's cause of action for unjust enrichment, the burden of proof on the motion never shifted to plaintiff (*see, Montuori v Town of Colonie*, 277 AD2d 643, 644-645). Accordingly, we reverse, without prejudice, that portion of Supreme Court's order which granted defendant's summary judgment motion dismissing plaintiff's cause of action for unjust enrichment.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant PRCA First Frontier Circuit for summary judgment dismissing the unjust enrichment cause of action; motion denied to that extent; and, as so modified, affirmed.