■ Bovis Lend Lease LMB Inc., Formerly Known as Lehrer McGovern Bovis, Inc., Respondent, v GCT Venture, Inc., et al., Appellants, et al., Defendants. [775 NYS2d 259]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 20, 2003, which denied the motion for partial summary judgment dismissing the fourth cause of action as against defendants GCT Venture and Metropolitan Transportation Authority, unanimously affirmed, without costs.

This is a contract dispute over costs added in connection with the restoration and renovation of New York's Grand Central Terminal. The delays and additional work at issue in the fourth cause of action involve improvements to the terminal's retail space, performed by plaintiff's electrical subcontractor. Both the general contract and the electrical subcontract contain no-damages-for-delay clauses.

While clauses in construction contracts exculpating parties

from damages for delay in performance are generally valid and enforceable, such clauses may not be invoked to bar damages for (1) delays caused by the protected party's bad faith or its willful, malicious or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract, and (4) delays resulting from breach of a fundamental obligation of the contract (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297 [1986]). Here, plaintiff's evidence in opposing summary judgment raises material issues of fact concerning the applicability of three of those four exceptions, which would render the no-damages-for-delay provisions in the contracts unenforceable. Although plaintiff points to no fundamental contractual obligation that was breached by appellants causing the delays, evidence was submitted to indicate that the delays were so unreasonable ($2^{1}/_{2}$ years), and the changes in the contracted work so dramatic (value of the work performed was more than twice the original contract price), that triable issues of fact were raised as to whether the delays went beyond the contemplation of the contracting parties, or whether the delays were so unreasonable that they constituted an intentional abandonment of the contract. In addition, the fact that appellants allegedly allowed tenant-requested design changes to continue unabated, thereby increasing the scope of the subcontractor's work and preventing completion in a timely fashion, raises an issue as to whether the delays were caused by bad faith and/or willful and grossly negligent conduct on appellants' part. Concur—Andrias, J.P., Ellerin, Lerner and Gonzalez, JJ.