■ J.S. Gourmet, Inc., Doing Business as Garden Café at Bretton Woods, Appellant, v Bretton Woods Home Owners Association, Inc., et al., Respondents. [783 NYS2d 68]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered May 12, 2003, which, upon an order of the same court dated November 18, 2002, granting the motion of the defendant Bretton Woods Home Owners Association, Inc., for summary judgment dismissing the complaint insofar as asserted against it and in its favor on its counterclaim, and granting the separate motion of the defendants Arthur Sholinsky and Anthony Sikorski for summary judgment dismissing the complaint insofar as asserted against them, dismissed the complaint, and is in favor of the defendant Bretton Woods Home Owners Association, Inc., on its counterclaim, and against it in the principal sum of $11,440.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the complaint insofar as asserted against the defendant Bretton Woods Home Owners Association, Inc., and awarding that defendant the principal sum of $11,440 on its counterclaim; as so modified, the judgment is affirmed, with one bill of costs to the plaintiff payable by the defendant Bretton Woods Home Owners Association, Inc., and one bill of costs payable to the defendants Arthur Sholinsky and Anthony Sikorski by the plaintiff, the complaint is reinstated insofar as asserted against the defendant Bretton Woods Home Owners Association, Inc., the order dated November 18, 2002, is modified accordingly, and the action against the remaining defendants is severed.

The plaintiff raised triable issues of fact in response to the

prima facie showing by the defendant Bretton Woods Home Owners Association, Inc. (hereinafter the Association), of its entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract. Pursuant to a contract with the Association, the plaintiff supplied restaurant, snack bar, and catering services to the residents of the Bretton Woods community. The Association adduced evidence that the plaintiff voluntarily closed the restaurant and ceased paying rent required by the contract. In response, the plaintiff proferred evidence that the Association locked it out of the restaurant and snack bar, preventing it from exercising its contractual rights to reopen the restaurant at a later time, reopen the snack bar the next season, and perform catering functions at Bretton Woods. The plaintiff thus raised triable issues of fact as to whether the Association was the first to repudiate the contract, excusing the plaintiff from further performance (*see American List Corp. v U.S. News & World Report,* 75 NY2d 38 [1989]; *Alpine Cts. v Wiedermann,* 34 AD2d 951 [1970]; *see also Norcon Power Partners v Niagara Mohawk Power Corp.,* 92 NY2d 458 [1998]). The Supreme Court therefore erred in granting summary judgment in favor of the Association on the cause of action alleging breach of contract. Similarly, the Supreme Court erred in granting summary judgment in favor of the Association on its counterclaim to recover damages for nonpayment of rent (*see American List Corp. v U.S. News & World Report, supra; Alpine Cts. v Wiedermann, supra*).

In response to the Association's prima facie showing of entitlement to judgment as a matter of law with respect to the cause of action to recover damages for conversion, the plaintiff raised triable issues of fact. The Association may not exercise dominion and control over property on the premises that belongs to the plaintiff (*see Galtieri v Kramer,* 232 AD2d 369 [1996]). The contract between the parties states that any restaurant equipment purchased by the plaintiff with loan proceeds from the Association do not belong to the plaintiff until all rent payments have been made pursuant to the contract. There is no dispute that the plaintiff did not make all the payments. However, the plaintiff presented evidence that there is additional property to which it was denied access, which was not purchased with the loan proceeds. The plaintiff also disputes the Association's contention that it did not demand return of the property (*see Tache-Haddad Enters. v Melohn,* 224 AD2d 213 [1996]; *Matter of White v City of Mount Vernon,* 221 AD2d 345 [1995]). Accordingly, the Supreme Court erred in granting summary judgment dismissing the cause of action to recover damages for conversion insofar as asserted against the Association.

In response to the prima facie showing of the defendants Arthur Sholinsky and Anthony Sikorski, the plaintiff failed to raise a triable issue of fact as to their alleged tortious interference with the contract between the plaintiff and the Association (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Even if they did "boycott" the restaurant, as alleged by the plaintiff, and persuaded their friends to do so, there is no showing that those lawful actions procured the Association's alleged breach of the contract in locking out the plaintiff (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). The plaintiff's claim as to tortious interference with prospective economic advantage (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614 [1996]; *Glen Cove Assoc. v North Shore Univ. Hosp.*, 240 AD2d 701 [1997]) is improperly raised for the first time on appeal (*see e.g., Gammal v La Casita Milta*, 5 AD3d 630 [2004]). Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.