■ ALBERT GARNER, Appellant, v PERRY AGIOVLASITIS, Respondent. [795 NYS2d 556]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered June 7, 2004, which granted so much of defendant's motion as referred this matter to a referee to hear and determine damages arising from defendant's 1992 violation of the Administrative Code of the City of New York and denied plaintiff's cross motion for leave to serve a supplemental pleading adding a cause of action for fraudulent conveyance as well as allegations of continuing sewage and drainage problems on the property postdating defendant's cure, unanimously modi-

fied, on the law and the facts, plaintiff's cross motion granted, the reference to be one to hear and report in accordance with the decision herein, and otherwise affirmed, without costs.

In a 1993 administrative proceeding, defendant's property was determined to be in violation of the Housing Maintenance Code (Administrative Code § 27-2027) requiring proper drainage of roofs and court yards, and defendant was collaterally estopped from claiming that his property contained adequate roof and rear-yard drainage systems prior to his curing the violation pursuant to an injunction issued in 2000. However, there has been no binding administrative or judicial determination that the Code violation proximately caused water damage to plaintiff's abutting property. All that was determined in the administrative proceeding was the violation; causation was not at issue. Moreover, inasmuch as defendant's appeal from Justice Gammerman's injunction directing that the violation be cured was previously dismissed as moot because of defendant's compliance with that injunction, plaintiff cannot be heard to argue that this Court's determination (287 AD2d 387 [2001]) constitutes law of the case on the question of causation.

Plaintiff was only recently permitted to conduct a court-ordered inspection of defendant's building, which revealed a continuing failure to maintain a proper drainage system on the property despite the remedial steps defendant took to correct the Code violation in 2000. The IAS court improvidently exercised its discretion in denying plaintiff leave to serve a supplemental pleading to allege this continuing failure to maintain sewage and drainage pipes, as well as the resultant damages to plaintiff (CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]). Any fault subsequent to the 2000 cure has not yet been established, and is still at issue.

We are modifying the reference to be one to "hear and report," as opposed to "hear and determine," in light of the statement of defendant's counsel on oral argument that he never stipulated to a reference to hear and determine post-2000 damages.

Leave should also have been granted for plaintiff to allege defendant's fraudulent conveyance of his property. Concur— Buckley, P.J., Friedman, Marlow and Sullivan, JJ.