■ JUPITER ENVIRONMENTAL SERVICES, INC., Appellant, v GRAYSTONE CONSTRUCTION CORP., Respondent. [817 NYS2d 502]— In an action to recover damages, inter alia, for quantum meruit, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated February 2, 2004, which granted those branches of the defendant's motion which were for summary judgment (a) on its counterclaim against the plaintiff alleging breach of contract, and (b) dismissing the plaintiff's second and third causes of action.

In an action to recover damages, inter alia, in quantum meruit, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated August 2, 2004, which, upon (1) an order of the same court dated February 2, 2004, among other things, granting those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's second and third causes of action to recover damages for breach of a subcontract between the plaintiff and the defendant, and on an account stated, respectively, and for summary judgment on the issue of liability on the defendant's counterclaim to recover damages for breach of the subcontract between the plaintiff and the defendant, (2) an order of the same court dated March 10, 2004, inter alia, granting the defendant's motion for leave to reargue and, upon reargument, in effect, granting that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's first cause of action to recover damages in quantum meruit, and (3) a decision of the same court dated July 21, 2004, made after a nonjury trial on the issue of damages on the defendant's counterclaim, is in favor of the defendant and against the plaintiff in the principal sum of $159,637.82.

Ordered that the plaintiff's notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the motion for summary judgment is denied, the motion for leave to reargue is denied, the complaint is reinstated, the orders are modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance with this determination.

The defendant, Graystone Construction Corp. (hereinafter Graystone) was the general contractor on a project to rehabilitate three buildings on Hunter College's Brookdale Campus in New York City. The buildings are owned by the Dormitory Authority of the State of New York (hereinafter DASNY). By agreement dated February 12, 2001 Graystone hired the plaintiff, Jupiter Environmental Services, Inc. (hereinafter Jupiter), to perform the asbestos abatement work required on the project.

Jupiter began work on the project sometime after March 12, 2001, when Graystone signed its contract with DASNY under which it became the general contractor on the project. After about six months of work, by letter to Graystone dated September 18, 2001, DASNY informed Graystone that it had barred Jupiter from the work site. As a result, Graystone terminated Jupiter's services. It is undisputed that from the time Jupiter began work on the project until the time its services were terminated, there were no complaints about the work Jupiter performed. Neither at the trial nor prior thereto was any evidentiary proof ever offered of any wrongdoing on the part of Jupiter.

Thereafter, Graystone moved for summary judgment on the issue of liability on its counterclaim to recover damages for breach of the subcontract between Graystone and Jupiter and, for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted those branches of the motion which were for summary judgment on the issue of liability on the counterclaim and for summary judgment dismissing Jupiter's second and third causes of action to recover damages for breach of the subcontract and on an account stated, respectively. Upon granting reargument, the court, among other things, in effect, granted that branch of the motion which was for summary judgment dismissing the first cause of action to recover damages in quantum meruit, thereby dismissing the complaint in its entirety.

In response to Graystone's prima facie showing of entitlement to summary judgment on the issue of the breach by Jupiter of its subcontract with Graystone, Jupiter raised a triable issue of fact, inter alia, as to whether or not Graystone prevented it from performing its obligations under the subcontract. Accordingly, the motion for summary judgment dismissing the complaint should have been denied and Graystone should not have been granted summary judgment against Jupiter on the issue of Jupiter's liability on Graystone's counterclaim (see *J.S. Gourmet, Inc. v Bretton Woods Home Owners Assn., Inc.*, 11 AD3d 583, 584-585 [2004]; *Bovis Lend Lease LMB v GCT Venture*, 6 AD3d 228 [2004]; *Carvatt v Lippner*, 82 AD2d 818 [1981]).

Jupiter's remaining contentions are either without merit or need not be reached in light of this determination. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.