■ In the Matter of ALICE ROBERTS, Appellant, v NATHAN BORG, Respondent. [826 NYS2d 409]—

In a proceeding, inter alia, to recover the proceeds of a life insurance policy, allegedly owing to the estate of Stephen M. Roberts, the petitioner appeals (1), as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, J.), dated May 28, 2004, as denied that branch of her motion which was for summary judgment on the breach of contract claim, and (2) from an order of the same court dated December 16, 2004 which granted the respondent's motion for leave to amend his answer to add the defense of waiver.

Ordered that the order dated May 28, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 16, 2004 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Until 1997 the petitioner's decedent Stephen M. Roberts (hereinafter Roberts) and the respondent Nathan Borg were the majority shareholders of Charlene Fabrics Group, Inc. (hereinafter Charlene), a closely-held corporation. On October 28, 1997 Charlene, Roberts, Borg, and Charlene's minority shareholder, Karim Abed, entered into two interdependent, multilateral agreements. The first, entitled agreement of reorganization, provided, inter alia, for Charlene to transfer certain of its assets

to a newly-formed corporation. Upon consummation of the transactions contemplated in that agreement, Borg would become the sole shareholder of the new corporation, and have no further interest in Charlene. The second agreement, which was made in contemplation of the reorganization, called for Borg, inter alia, to transfer to Roberts a certain term life insurance policy on Roberts' life, in the face amount of $1,000,000, and in which Borg was the named beneficiary. It is undisputed that Borg never transferred the subject policy to Roberts. Upon Roberts' death, Borg received the proceeds of the policy, and the petitioner commenced the instant proceeding, inter alia, to recover those proceeds.

Contrary to the petitioner's contention, the Surrogate's Court properly denied that branch of her motion which was for summary judgment on the breach of contract claim. The petitioner established, prima facie, that Borg failed to perform one of his obligations under the second agreement. However, the evidence tendered by Borg in opposition to the motion raised a triable issue of fact as to whether Roberts and/or Charlene had failed to perform their own contractual obligations, and whether Borg therefore had a valid excuse to withhold his performance (*cf. First Frontier Pro Rodeo Circuit Finals v PRCA First Frontier Circuit*, 291 AD2d 645; *Unloading Corp. v State of New York*, 132 AD2d 543 [1987]). Accordingly, summary judgment was properly denied (*see J.S. Gourmet, Inc. v Bretton Woods Home Owners Assn., Inc.*, 11 AD3d 583 [2004]).

Furthermore, the Surrogate's Court providently exercised its discretion in granting Borg leave to amend his answer, as the proposed amendment was neither palpably insufficient nor patently devoid of merit, and there was no evidence that it would prejudice or surprise the petitioner (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Iannone v Iannone*, 31 AD3d 713, 715-716 [2006]; *Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340, 341 [2005]; *Crespo v Pucciarelli*, 21 AD3d 1048, 1049 [2005]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Motion by the respondent on an appeal from an order of the Surrogate's Court, Nassau County, dated May 28, 2004, to strike stated portions of the appellant's reply brief on the ground, inter alia, that they refer to matter dehors the record. By decision and order on motion dated July 14, 2006 the motion was held in abeyance, and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.