■ LOUIS F. GIUFFRE, Respondent-Appellant, v MIKE DILEO et al., Appellants-Respondents. [934 NYS2d 449]—

On June 15, 2005, the plaintiff commenced an action to recover damages for defamation, which was subsequently consolidated with another action against the same defendants. The complaint in the original action alleged that a defamatory statement was posted on the Internet on or about June 15, 2004, and was reposted at some point after September 1, 2004. In April 2010 the defendants moved for leave to amend their answer to include a defense based on the statute of limitations and for summary judgment dismissing the cause of action to recover damages for defamation as time-barred. The Supreme Court granted that branch of the motion which was for leave to amend the answer, but denied that branch of the motion which was for summary judgment. We affirm.

The determination of whether to grant leave to amend a pleading is within the court's discretion, and the exercise of that discretion will not be lightly disturbed (see Voyticky v Duffy, 19 AD3d 685, 685 [2005]). Leave to amend an answer to assert an affirmative defense should generally be granted where the proposed amendment is neither palpably insufficient nor patently devoid of merit, and there is no evidence that it would prejudice or surprise the opposing party (see CPLR 3025 [b]; Matter of Roberts v Borg, 35 AD3d 617, 618 [2006]; Public Adm'r of Kings County v Hossain Constr. Corp., 27 AD3d 714 [2006]). Mere lateness is not a basis for denying amendment unless the lateness is coupled with "significant prejudice to the other side" (Public Adm'r of Kings County v Hossain Constr. Corp., 27 AD3d at 716, quoting Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). Although the defendants waited several years before moving for leave to amend the answer, there was no showing that the plaintiff would be prejudiced, as discovery is ongoing and the plaintiff may still discover relevant information regarding the date of posting or reposting. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for leave to amend their answer to assert the affirmative defense of statute of limitations.

In addition, the Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for defamation as time-barred. While the defendants demonstrated, prima facie, that they were entitled to summary judgment because the defendant Mike DiLeo posted the alleged offending statement before June 11, 2004, the plaintiff raised a triable issue of fact as to whether a reposting of the original post was either through

a posting of a modified version of the post or through posting of the post on another Web site (*see Firth v State of New York*, 98 NY2d 365, 369 [2002]; *Firth v State of New York*, 306 AD2d 666, 667 [2003]). Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.