■ ADETUNJI D. JEBODA, Respondent, v STEVEN A. DANZA, Appellant. [18 NYS3d 716]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated October 1, 2014, as denied that branch of his motion which was pursuant to CPLR 3025 (b) for leave to amend his answer to assert the affirmative defense that, at the time of the subject accident, his vehicle was being operated without his permission.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the defendant's motion which was for leave to amend his answer to assert the affirmative defense that, at the time of the subject accident, his vehicle was being operated without his permission is granted.

Permission to amend a pleading should be "freely given" (CPLR 3025 [b]; *see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Leave to amend an answer to assert an affirmative defense should generally be granted where the proposed amendment is neither palpably insufficient nor patently devoid of merit, and there is no evidence that it would prejudice or surprise the opposing party (*see Giuffre v DiLeo*, 90 AD3d 602, 603 [2011]; *Matter of Roberts v Borg*, 35 AD3d 617, 618 [2006]; *Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714 [2006]). Here, the defendant sufficiently alleged that the driver of his vehicle did not have his permission or consent to operate his vehicle at the time of the subject accident (*see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Han v BJ Laura & Son, Inc.*, 122 AD3d 591, 592 [2014]; *Matter of State Farm Ins. Co. v Walker-Pinckney*, 118 AD3d 712, 713 [2014]). The proposed affirmative defense set forth allegations based on factual matters that are not palpably insufficient or patently devoid of merit (*see Katz v Castlepoint Ins. Co.*, 121 AD3d 948, 950 [2014]; *Finkelstein v Lincoln Natl. Corp.*, 107 AD3d 759, 761 [2013]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]).

Furthermore, mere lateness is not a basis for denying an amendment unless the lateness is coupled with " 'significant prejudice to the other side' " (*Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d at 716, quoting *Edenwald Contr. Co. v City of New York*, 60 NY2d at 959; *see Giuffre v*

*DiLeo*, 90 AD3d at 603). Although the defendant waited over 1½ years before moving for leave to amend the answer, there was no showing that the plaintiff would be significantly prejudiced, as discovery was ongoing (*see Giuffre v DiLeo*, 90 AD3d at 603). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for leave to amend his answer to assert the affirmative defense that, at the time of the subject accident, his vehicle was being operated without his permission. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.