■ Anthony Modica et al., Appellants, v Topaz Enterprises, Inc., Respondent. [48 NYS3d 214]—

In an action, inter alia, to enforce a settlement agreement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), entered October 22, 2014, as granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff 106-09 Rockaway Owners Corp. (hereinafter 106-09) owned real property located at 106-09 Rockaway Boulevard in Queens until a mortgage and note on the property was foreclosed on by Eastern Savings Bank, FSB (hereinafter Eastern), which was also the successful bidder at the foreclo-

sure sale. Eastern assigned its winning bid to the defendant, Topaz Enterprises, Inc. (hereinafter Topaz), a wholly owned subsidiary of Eastern. The plaintiff brothers Anthony Modica and Gaetano Modica (hereinafter together the plaintiff brothers) operated a restaurant and catering facility at the subject property known as Tres Amici, doing business as La Bella Vita, while the property was owned by 106-09. The plaintiff brothers were the owners of 106-09.

The plaintiffs commenced this action to enforce their right to purchase the subject property from Topaz under a stipulation of settlement that Tres Amici and Topaz entered into in the course of a Chapter 11 bankruptcy proceeding commenced by Tres Amici in May 2013, in the United States Bankruptcy Court for the Eastern District of New York. The commencement of the bankruptcy proceeding automatically stayed execution by Topaz of a warrant of eviction it had obtained in the Queens County Housing Court in March 2013 against the subject property. Topaz moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), (7), and (8). In the order appealed from, the Supreme Court granted that branch of the motion which was pursuant to CPLR 3211 (a) (1), and the plaintiffs appeal. We affirm, albeit on grounds different from those relied upon by the Supreme Court.

One of the plaintiffs' obligations under the stipulation of settlement was that they would cease all litigation they had commenced against Eastern or Topaz regarding the subject property. In exchange, Topaz agreed, inter alia, to allow the plaintiffs to purchase the subject property for a stated sum by a certain date. The parties agreed that time was of the essence "for every aspect of [the] agreement." At a conference conducted by the Bankruptcy Court more than two weeks after the parties entered into the stipulation of settlement, counsel for Tres Amici conceded that the plaintiffs had failed to comply with their obligation under the agreement to terminate all of the actions they had commenced against Eastern or Topaz. The Bankruptcy Court gave the plaintiffs two additional weeks to comply with their obligation under the agreement, before it would grant a motion that had been filed by Topaz to vacate the automatic stay. Nonetheless, a month after entering into the settlement, the plaintiffs had still failed to cease any of the various actions they had commenced against Eastern and Topaz, and had even commenced new litigation against those entities. Consequently, the Bankruptcy Court granted Topaz relief from the automatic stay. On December 17, 2013, Topaz evicted the plaintiffs from the subject property pursuant to a notice of eviction issued by the Queens County Housing Court.

The plaintiffs' breach of the settlement agreement divested them of any right to enforce any of Topaz's obligations under the agreement, and relieved Topaz of any obligation to perform (*see Cornell v T.V. Dev. Corp.*, 17 NY2d 69, 75 [1966]; *Kirke La Shelle Co. v Armstrong Co.*, 263 NY 79 [1933]; *Maor v Blu Sand Intl. Inc.*, 143 AD3d 579, 579 [2016]; *Dorfman v American Student Assistance*, 104 AD3d 474, 474 [2013]; *Elite Promotional Mktg., Inc. v Stumacher*, 8 AD3d 525, 527 [2004]; *DeCapua v Dine-A-Mate, Inc.*, 292 AD2d 489, 491 [2002]; *First Frontier Pro Rodeo Circuit Finals v PRCA First Frontier Circuit*, 291 AD2d 645, 646 [2002]; *Lease Corp. of Am. v Resnick*, 288 AD2d 533, 535 [2001]). Topaz specifically raised this argument before the Supreme Court. While the court properly granted Topaz's motion to dismiss the complaint, it should not have been, as stated in the order appealed from, on the ground that the parties did not have a valid agreement. Rather, the documentary evidence submitted in support of the motion established that the plaintiffs breached the very agreement that they sought to enforce. Accordingly, we affirm the order directing dismissal of the complaint on that ground. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.