Krakovski v Stavros Assoc., LLC (2019 NY Slip Op 05112)





Krakovski v Stavros Assoc., LLC


2019 NY Slip Op 05112


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-12578
 (Index No. 26345/09)

[*1]Robert Krakovski, appellant,
v
Stavros Associates, LLC, respondent.


Mavronicolas & Dee LLP, New York, NY (Peter Dee of counsel), for appellant.
Capell, Barnett, Matalon & Schoenfeld, LLP, New York, NY (Peter S. Sanders and Connor Dolgon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 871 to compel the removal of encroaching structures upon real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated September 18, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action pursuant to RPAPL 871 and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to assert causes of action alleging private nuisance and trespass.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the branch of the plaintiff's cross motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to assert causes of action alleging private nuisance and trespass, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant are owners of adjoining properties located in Brooklyn. In 2011, the plaintiff commenced this action, inter alia, pursuant to RPAPL 871 to compel the removal of encroaching structures, alleging that certain PVC pipes installed by the defendant in 2008 encroach upon his property. The pipes were installed to ventilate a new central heating system in the defendant's residential apartment building.
The plaintiff obtained a default judgment in 2011 after the defendant failed to oppose a motion for summary judgment. Thereafter, the parties attempted unsuccessfully to settle the matter, and engaged in motion practice with respect to a stipulation between the parties. In an order dated October 5, 2016, the Supreme Court vacated both the stipulation and the defendant's default. In April 2017, the defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action pursuant to RPAPL 871, submitting evidence that the encroaching structures had been removed and contending that, when they had existed, they were a de minimis encroachment. The plaintiff admitted that the encroaching pipes had been removed and cross-moved seeking, among other things, leave to amend the complaint to assert causes of action alleging private nuisance and [*2]trespass. The Supreme Court, inter alia, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action pursuant to RPAPL 871 and denied that branch of the plaintiff's cross motion which was for leave to amend the complaint. The plaintiff appeals.
The Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to amend the complaint. Permission to amend a pleading should be "freely given" (CPLR 3025[b]; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959), where the proposed amendment is neither palpably insufficient nor patently devoid of merit, and there is no evidence that the amendment would prejudice or surprise the opposing party (see Giuffre v DiLeo, 90 AD3d 602, 603; Public Adm'r of Kings County v Hossain Constr. Corp., 27 AD3d 714, 716). Mere lateness is not a basis for denying an amendment; " [i]t must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Public Adm'r of Kings County v Hossain Constr. Corp., 27 AD3d at 716, quoting Edenwald Contr. Co. v City of New York, 60 NY2d at 959; see Giuffre v DiLeo, 90 AD3d at 603). The burden of establishing prejudice is on the party opposing the amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; Sudit v Labin, 148 AD3d 1073, 1076).
Here, notwithstanding the lengthy gap in time between the commencement of the action and the plaintiff's cross motion for leave to amend the complaint, the defendant has made no showing that it was surprised by the new allegations or would be significantly prejudiced (see Edenwald Contr. Co. v City of New York, 60 NY2d at 959; Wander v St. John's Univ., 163 AD3d 896, 896-897; Jeboda v Danza, 133 AD3d 569, 569). Moreover, some portion of that delay is attributable to the defendant's effort to vacate its default and the parties' subsequent motion practice and negotiations, and there is no contention that discovery has been concluded (see Giuffre v DiLeo, 90 AD3d at 603).
Contrary to the defendant's contentions, the proposed amendment is not palpably insufficient or patently devoid of merit. "No evidentiary showing of merit is required under CPLR 3025(b)'" (Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836, quoting Lucido v Mancuso, 49 AD3d 220, 229), and "a court shall not examine the legal sufficiency or merits of a pleading unless [the] insufficiency or lack of merit is clear and free from doubt" (United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; see Favia v Harley-Davidson Motor Co., Inc., 119 AD3d at 836; Lucido v Mancuso, 49 AD3d at 227). The allegations of the proposed amendment and the submissions in support of it adequately set forth the requisite elements for causes of action alleging private nuisance and trespass (see generally Massaro v Jaina Network Sys., Inc., 106 AD3d 701, 703; Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 855-856; Aristides v Foster, 73 AD3d 1105, 1106). Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to amend the complaint (see Favia v Harley-Davidson Motor Co., Inc., 119 AD3d at 837).
We agree with the Supreme Court's determination granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action pursuant to RPAPL 871 to compel the removal of encroaching structures. An action pursuant to RPAPL 871 requires, inter alia, a showing that an alleged encroachment was not de minimis (see Averaimo v Tavares, 93 AD3d 745, 746; Matter of Zhuang Li Cai v Uddin, 58 AD3d 746, 746). Where, as here, evidentiary material is considered on a CPLR 3211(a)(7) motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). Here, the undisputed evidence submitted by the parties demonstrated that the alleged encroaching pipes were removed in 2014 during the pendency of this action and that, even prior to removal, any encroachment that existed was de minimis and not actionable under RPAPL 871 (see Averaimo v Tavares, 93 AD3d at 746). Thus, the defendant has " establish[ed] conclusively that plaintiff has no cause of action,' and that in light of the evidence presented no significant dispute exists'" (Kaufman v International Bus. Mach. Corp., 97 AD2d 925, 926-927, affd 61 NY2d 930, quoting Rovello v Orofino Realty Co., 40 NY2d 633, 636, Siegel, NY Prac § 265 [6th ed Dec. 2018 Update], and Guggenheimer v Ginzburg, 43 NY2d at 275).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court