Great Neck Lib. v Kaeyer, Garment & Davidson Architects, P.C. (2025 NY Slip Op 01613)

Great Neck Lib. v Kaeyer, Garment & Davidson Architects, P.C.

2025 NY Slip Op 01613

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-01097
 (Index No. 605614/19)

[*1]Great Neck Library, appellant, 
v
Kaeyer, Garment & Davidson Architects, P.C., defendant third-party plaintiff-respondent; O'Dea & Associates, P.C., sued herein as OLA Consulting Engineers, P.C., third-party defendant-respondent.

Jaspan Schlesigner Narendran LLP, Garden City, NY (Charles W. Segal and Christopher E. Vatter of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville, NY (Lee J. Sacket of counsel), for defendant third-party plaintiff-respondent.
Milber Makris Plousadis & Seiden, LLP, Purchase, NY (Anthony J. Scotti of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for professional malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered December 20, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3025(b) for leave to amend the complaint and pursuant to CPLR 602(a) to join this action with an action entitled V.R.D. Contracting, Inc. v Great Neck Library, pending in the Supreme Court, Nassau County, under Index No. 602629/19, for purposes of trial.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs, and those branches of the plaintiff's motion which were pursuant to CPLR 3025(b) for leave to amend the complaint and pursuant to CPLR 602(a) to join this action with the action entitled V.R.D. Contracting, Inc. v Great Neck Library, pending in the Supreme Court, Nassau County, under Index No. 602629/19, for purposes of trial are granted.
In February 2019, V.R.D. Contracting, Inc. (hereinafter VRD), commenced an action (hereinafter Action No. 1) against the plaintiff, Great Neck Library, alleging, among other things, that the plaintiff hired VRD as a contractor for a renovation project on the plaintiff's premises (hereinafter the project) and that the plaintiff breached its contract with VRD by failing to pay the full amount owed under the contract. The plaintiff interposed an answer denying the relevant claims and asserting counterclaims alleging, inter alia, breach of contract due to VRD's alleged failure to properly construct certain areas of the premises, including the front entrance, the roof, and the bathroom floors.
Thereafter, the plaintiff commenced this action (hereinafter Action No. 2) against Kaeyer, Garment & Davidson Architects, P.C. (hereinafter KGD). The complaint dated July 18, 2019, alleged that KGD entered into a contract with the plaintiff to provide architectural services for the project and asserted causes of action alleging, among other things, professional malpractice for the defective design, supervision, and inspection of the heating, ventilation, and air conditioning (hereinafter HVAC) system. KGD interposed an answer denying the relevant claims and asserting various affirmative defenses. In October 2021, KGD commenced a third-party action against the third-party defendant, O'Dea & Associates, P.C., sued herein as OLA Consulting Engineers, P.C. (hereinafter OLA), which acted as KGD's subcontractor for mechanical, electrical, plumbing, HVAC, fire prevention, and energy-related engineering services for the project.
On July 14, 2022, the plaintiff moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint and pursuant to CPLR 602(a) to join Action No. 2 with Action No. 1 for purposes of trial. The proposed amended complaint alleged that, in addition to KGD providing architectural services with respect to the plaintiff's HVAC system, KGD also provided architectural plans and specifications with respect to the plaintiff's front entrance, roof, exterior railings, bathrooms, lighting control devices, and sprinklers and that KGD failed to properly design, inspect, and supervise these aspects of the project. In an order entered December 20, 2022, the Supreme Court, among other things, denied those branches of the motion. The plaintiff appeals.
The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint. "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit" (TD Bank, N.A. v Keenan, 221 AD3d 1040, 1041; see CPLR 3025[b]). "The party opposing the application has the burden of establishing prejudice, which requires a showing that the party has been hindered in the preparation of its case or has been prevented from taking some measure in support of its position" (JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d 844, 846 [alterations and internal quotation marks omitted]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). "Delay alone is insufficient to bar an amendment to the pleading; it must be lateness coupled with significant prejudice to the other side" (Park v Home Depot U.S.A., Inc., 183 AD3d 645, 646 [alteration and internal quotation marks omitted]).
Here, KGD and OLA failed to establish that the proposed amendment was palpably insufficient or patently devoid of merit. "While a proposed amendment generally is considered patently devoid of merit if it is time-barred under the applicable statute of limitations" (Wander v St. John's Univ., 163 AD3d 896, 897), here, the proposed amendment relates back to the original complaint and is deemed to have been timely interposed because the original complaint gave "notice of the transactions, occurrences, or series of transactions or occurrences" on which the claims in the proposed amended complaint were based (CPLR 203[f]; see LCVAWCP-Doe v Collins, 218 AD3d 557, 558; Pendleton v City of New York, 44 AD3d 733, 737). Furthermore, KGD and OLA failed to establish that they were prejudiced or surprised by the plaintiff's delay in seeking leave to amend the complaint, as discovery was still ongoing at the time the plaintiff's motion was made (see Garafola v Wing Inc. Specialty Trades, 139 AD3d 793, 794; Jeboda v Danza, 133 AD3d 569, 570), the proposed amended complaint was "premised upon the same facts, transactions, or occurrences" alleged in the original complaint (Benjamin v 270 Malcolm X Dev., Inc., 214 AD3d 762, 764), and the proposed amendment merely elaborated on the same theory of liability alleged in the original complaint (see Flowers v Mombrun, 212 AD3d 713, 715). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint.
The Supreme Court also improvidently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 602(a) to join Action No. 2 with Action No. 1 for purposes of trial. "Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602(a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (Longo v Fogg, 150 AD3d 724, 725; see CPLR 602[a]; Disa Realty, Inc. v Rao, 198 AD3d 869, 871). Here, Action No. 1 and Action No. 2 both [*2]arise from the project, concern the same parties, and involve common questions of law and fact (see Disa Realty, Inc. v Rao, 198 AD3d at 871; Rhoe v Reid, 166 AD3d 919, 921), and a failure to try the two actions jointly would result in a "duplication of trials, unnecessary costs and expense, and a danger of an injustice resulting from divergent decisions" (Sherpa v Ford Motor Co., 216 AD3d 834, 836). Contrary to the contentions of KGD and OLA, the possibility of prejudice resulting from a joint trial can be mitigated by appropriate jury instructions (see Calle v 2118 Flatbush Ave. Realty, LLC, 209 AD3d 961, 963), and any potential prejudice is outweighed by the possibility of inconsistent verdicts if separate trials ensue (see Hanover Ins. Group v Mezansky, 105 AD3d 1000, 1001). Accordingly, the court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 602(a) to join Action No. 2 with Action No. 1 for purposes of trial.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court