■ OLGA GENERALOW, Appellant-Respondent, v JEFFREY L. STEINBERGER et al., Respondents-Appellants.—In an action pursuant to RPAPL 871 for an injunction directing the removal of allegedly encroaching structures, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated February 22, 1986, which, after a nonjury trial, denied the plaintiff injunctive relief and awarded her monetary damages in the principal sum of $3,000, and the defendants cross-appeal, as limited by their

brief, from so much of the same order as awarded the plaintiff monetary relief.

Ordered that the judgment is modified, on the law, by deleting the damage award of $3,000; as so modified, the judgment is affirmed, with costs to the defendants.

The plaintiff and the defendants are the owners of adjoining property located in Nyack, New York. The plaintiff brought this action alleging that a driveway and retaining wall built by the defendants adjacent to her property encroached onto her property by approximately two feet.

The court properly found that while the plaintiff demonstrated that she was the record owner of the disputed property, the evidence established that title to all but 8.4 inches of that property had passed to the defendants by virtue of their adverse possession of the land (see, CPLR 212 [a]; RPAPL 311; *Belotti v Bickhardt,* 228 NY 296; *Risi v Interboro Indus. Parks,* 99 AD2d 466).

We are also in agreement with the court that the plaintiff was not entitled to the drastic remedy of a mandatory injunction to compel the defendants to remove the encroaching structure. In light of the minor encroachment and the evidence that the wall was necessary to the defendants' property, the harm to the defendants in removing the wall would outweigh any corresponding benefit to the plaintiff (see, *Medvin v Grauer,* 46 AD2d 912; *Lawrence v Mullen,* 40 AD2d 871).

While the court may award damages in lieu of an injunction in an appropriate case (see, RPAPL 871 [1]), here the court improperly awarded the plaintiff damages in the principal sum of $3,000. The appropriate measure of damages is the difference between the value of the plaintiff's property with and without the encroachment (*Lawrence v Mullen, supra*). The plaintiff failed to produce any evidence as to a diminution in the value of her property which resulted from the encroachment, and thus the court's award of $3,000 representing the "minimum" amount of damages she may have suffered was speculative and improper. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.