■ WING MING PROPERTIES (U.S.A.) LTD., Appellant, v MOTT OPERATING CORP. et al., Respondents.—Order, Supreme Court, New York County (David B. Saxe, J.), entered October 29, 1990, which *inter alia,* denied plaintiff's motion for partial summary judgment and granted the defendants' motions for summary judgment dismissing the plaintiff's complaint, unanimously affirmed, without costs.

Plaintiff commenced this action seeking, among other things, a declaration that its air space had been invaded by machinery and parapets constructed by Bank Central Asia on the roof of 5 Chatham Square. Plaintiff obtained the rights to the air space above the defendant Bank's leased premises pursuant to an indenture executed on December 31, 1973 between plaintiff's predecessor in interest, the owner of the fee, the sublessor and the then occupying sublessee. The indenture conveyed an interest in all of the "volume of space" of the property above a certain elevation.

The language of the indenture in general and, in the context of this litigation, is ambiguous. Therefore, the circumstances surrounding its execution must be examined to determine the intent of the parties *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56).

Review of the record shows that the parties' intent in executing the document was to give plaintiff's predecessor in interest a sufficient interest in the adjacent property to enable him to qualify for single ownership status under the applicable Zoning Resolution in order to build and maintain the building now owned by the plaintiff. However, the IAS court's determination that only the development rights were retained is not supported by the indenture's language or the extrinsic evidence.

However, it is undisputed that the encroachment of the

defendant's parapets and equipment is under two feet. Moreover, it is clear that plaintiff's concern is primarily with the effect that the encroachment may have on the floor area ratio (FAR) of its property. In light of that concern, it is clear the rooftop installations would constitute a trespass only if it is proven that the new construction actually increased the floor area of the building encroaching on plaintiff's air space, from which the FAR allowance was borrowed.

It was correctly concluded by Supreme Court that New York City Zoning Resolution § 12-10 excludes from the computation of "floor area", floor space used for mechanical equipment and open terraces, provided that no more than 50% of it is enclosed by a parapet not higher than 3 feet 8 inches. The equipment on the roof falls under the statutory exception.

Thus, there is no possibility that the encroachment could affect the ability of plaintiff to maintain its structure. The encroachment is *de minimis* as a matter of law. The detriment to the defendants of its removal outweighs the benefit to the plaintiff, such that the declaratory and injunctive relief sought by the plaintiff is not warranted. *(Compare, Generalow v Steinberger,* 131 AD2d 634.) Moreover, plaintiff has failed to demonstrate any entitlement to compensatory damages given the nature of the encroachment. Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ. *[See,* 148 Misc 2d 680.]