■ BOARD OF MANAGERS OF THE HUDSON VIEW WEST CONDOMINIUM, Respondent-Appellant, v HUDSON VIEW TOWERS ASSOCIATES, a Joint Venture, Defendant, and SOUTH END FARMS, INC., Appellant-Respondent.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 17, 1991, which, *inter alia,* directed defendant-appellant to remove all merchandise and stands from plaintiff condominium's arcade, granted defendant-appellant's cross motion to the extent of dismissing the second and eight through twenty-second causes of action, and denied plaintiff attorneys' fees, unanimously affirmed, with costs.

The IAS court properly granted summary judgment upon findings that the arcade in which defendant-appellant placed its produce stands was part of the common elements of the condominium, that such use was in violation of the Condominium Documents, that plaintiff Board was authorized to compel removal of this encroachment *(Board of Managers v Fenninger,* 142 AD2d 622), and that even if the Board had initially waived its right to enforce the Condominium Documents, such was effectively withdrawn by the subsequent notice to remove the produce stands *(see, Compton Adv. v Madison-59th St. Corp.,* 91 Misc 2d 768, 778, affd 63 AD2d 942). The IAS court properly dismissed plaintiff's remaining causes of action for failure to refute assertions that the disputes raised therein had been resolved *(see, Oates v Marino,* 106 AD2d 289, 291-292), and properly denied attorneys' fees which were not specifically sought in a separately stated cause of action, and in any event would not be chargeable against defendant South End. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Kassal, JJ.