OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In 1973, defendants-respondents Mott, Kaplan, Chu and Tam conveyed "all that volume of space and property” above a building located at 5 Chatham Square in Manhattan to plaintiff-appellant’s predecessor in interest. Defendants reserved the right to "maintain the projection” of an existing rooftop air-conditioning unit and room. Plaintiff’s predecessor in interest planned to later transfer the unused development rights of the rooftop airspace, subject to defendants’ reservation, to a contiguous building which it owned. The objective was to increase the Floor Area Ratio (FAR) of the contiguous building, thus allowing a greater height.
 

 In 1985, defendant Kaplan subleased 5 Chatham Square to respondent Bank of Central Asia (BCA) with a specification allowing BCA to "use the roof facilities in connection with any heating, ventilating or air conditioning equipment” and to "alter the entire facade of the Building” up to the second floor
 
 *1023
 
 level. BCA subsequently removed the existing rooftop air-conditioning equipment and room, erected new air-conditioning equipment, and constructed a facade with parapet walls extending over the rooftop.
 

 Plaintiff-appellant, as successor in interest, commenced this action for trespass, alleging that the new equipment and parapets encroached on the rooftop airspace which was acquired under the 1973 conveyance. Supreme Court granted defendants’ motion for summary judgment dismissing the complaint (148 Misc 2d 680) and the Appellate Division affirmed (172 AD2d 301). This Court granted leave to appeal.
 

 Defendants concede that development rights were conveyed pursuant to the 1973 conveyance. Despite the concession, we agree with the defendants and the courts below, which ruled in their favor, that defendants did not trespass on those development rights. The new rooftop air-conditioning equipment and parapets erected after 1985 by BCA are excluded from the computation of FAR under New York City Zoning Resolution § 12-10. The FAR of 5 Chatham Square and, consequently, plaintiff’s development rights, are therefore unaffected by BCA’s parapets and substituted equipment.
 

 Despite the fact that defendants in 1973 also conveyed a property right for plaintiff to exclusively possess the 5 Chat-ham Square rooftop airspace, no trespass on that right is sufficiently presented to withstand a summary judgment dismissal as to the relief plaintiff seeks in that regard. The variations between the air-conditioning unit and room existing at the time of the 1973 conveyance and the replacement unit and ducts subsequently erected by BCA, and the extent to which the newly constructed parapets rise above the elevation plane of the conveyed airspace, are de minimis at best. Neither injunctive nor monetary relief is warranted. Indeed, plaintiff has not alleged or demonstrated on the record before us that these slight variations negatively affected its property value in any measure.
 

 Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Yesawich, Jr.,
 
 *
 
 concur; Judge Simons taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 Designated pursuant to NY Constitution, article VI, § 2.