■ ADAM D. SOKOLOFF et al., Respondents, v HARRIMAN ESTATES DEVELOPMENT CORP., Appellant, et al., Defendant. [712 NYS2d 60] —In an action, *inter alia,* for specific performance of a contract, the defendant Harriman Estates Development Corp. appeals from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated December 17, 1999, as denied that branch of its motion pursuant to CPLR 3211 (a) (7) which was to dismiss the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the first cause of action is granted, the complaint is dismissed in its entirety insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiffs had an agreement with the defendant Harriman Estates Development Corp. (hereinafter Harriman) to construct a home on property the plaintiffs owned. Harriman contracted with the defendant Frederick Ercolino, an architect, to draw up the plans for the home. When the plaintiffs refused to go forward with the construction, on the ground that Harriman's proposed costs were too high, they sought to obtain the architectural plans prepared by Ercolino.

The first cause of action in the plaintiffs' complaint, in effect, seeks specific performance of a contract between Harriman and the defendant Frederick Ercolino. However, that contract contained a provision stating that "no contractual relationship with a cause of action in favor of a third party" was created by

the contract. Where a provision in the contract expressly negates enforcement of the contract by third parties, that provision is controlling (*see, City of Olean v New York State Envtl. Facilities Corp.*, 213 AD2d 1018, 1019; *Edward B. Fitzpatrick, Jr. Constr. Corp. v County of Suffolk,* 138 AD2d 446, 449-450; *Nepco Forged Prods. v Consolidated Edison Co., 99 AD2d 508*). Accordingly, the first cause of action should have been dismissed. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.