■ BOARD OF MANAGERS OF THE ALEXANDRIA CONDOMINIUM, Appellant, v BROADWAY/72ND ASSOCIATES et al., Respondents. [729 NYS2d 16] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 2, 2000, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to amend its complaint to add a fourth cause of action for breach of a certain settlement agreement dated May 29, 1997, and a fifth cause of action for breach of contract as the third-party beneficiary of a contract between defendant Lehrer McGovern Bovis, Inc. (LMB) and defendant Broadway/72nd Associates (the sponsor), unanimously modified, on the law and the facts, and the motion granted to the extent that plaintiff may interpose the fourth cause of action, and otherwise affirmed, without costs.

This action arises out of the construction of the Alexandria Condominium, located at Broadway and West 72nd Street, New York, New York. The sponsor hired LMB to act as construction manager pursuant to a construction management agreement executed in 1989 (the CM contract). The offering plan issued by the sponsor described residential units which were warranted to have been designed and constructed in a

competent and workmanlike manner. The building, however, developed several serious structural problems which permitted water into the interior of the building leading to staining and further structural deterioration.

Plaintiff Board of Managers of the Alexandria Condominium (the Board) commenced this action alleging, *inter alia*, breach of express and implied warranties, negligence, and, as third-party beneficiary, that LMB breached its contract with the sponsor. Defendants did not appear in the action; rather, the parties entered into negotiations which resulted in a written settlement agreement dated May 29, 1997 (the settlement agreement), which was executed by all of the parties. The settlement agreement provided, *inter alia*, that repair work was to be completed within a specific time frame and, after the passage of an additional period of time in which no evidence of leakage was discovered, releases were to be delivered to LMB and the sponsor and a discontinuance filed with the court. It was subsequently determined, however, that the corrective work performed under the agreement was inadequate and that the defects were not rectified.

Plaintiff thereafter moved for leave to amend its complaint to interpose a fourth cause of action for breach of the settlement agreement. The proposed amended complaint also contained a reformatted version of the third-party beneficiary claim, now denominated as the fifth cause of action, deleted a cause of action for negligence, and increased the ad damnum clause from $500,000 to $2,500,000. The motion court denied that branch of plaintiff's motion seeking leave to interpose the cause of action for breach of the settlement agreement, reasoning that it could not be shown that the sponsor assumed any obligations thereunder; and denied leave to interpose the third-party beneficiary claim because it found that there was no intent on the part of LMB and the sponsor to make plaintiff a beneficiary of their contract. Plaintiff appeals and we modify as follows.

It is well established that leave to amend a pleading shall be freely granted absent prejudice or surprise resulting from the delay (CPLR 3025 [b]; *Crimmins Contr. Co. v City of New York*, 74 NY2d 166; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.*, 59 NY2d 755). This Court, however, has consistently held that in order to conserve judicial resources, an examination of the underlying merits of the proposed causes of action is warranted (*Megaris Furs v Gimbel Bros.*, 172 AD2d 209; *Brennan v City of New York*, 99 AD2d 445), and leave to amend will be denied where the proposed

pleading fails to state a cause of action (*Tishman Constr. Corp. v City of New York*, 280 AD2d 374; *Bencivenga & Co. v Phyfe*, 210 AD2d 22).

A review of the settlement agreement reveals that plaintiff, the sponsor and LMB were parties thereto, and that the parties were desirous of settling plaintiff's underlying action, agreed as to what repair work was needed, and would endeavor to complete such work no later than 90 days after its commencement. Further, the releases and discontinuance relating to the original complaint were not to be delivered to the sponsor and LMB until the completion of all repair work and the passage of six months without further evidence of water leakage or concrete deterioration. Thus, it is clear that the sponsor and LMB assumed obligations under the settlement agreement. Further, the wording of the settlement agreement indicates that the Board agreed to accept a future performance in satisfaction of defendants' prior obligations and, as such, the settlement agreement arguably constitutes an executory accord rather than a superceding agreement.

It is often difficult to distinguish between a substitute agreement and an executory accord, the determination of which hinges upon the intent of the parties (*Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 384; *Goldbard v Empire State Mut. Life Ins. Co.*, 5 AD2d 230). "Generally, it is assumed that one does not surrender an existing obligation for a promise to perform in the future." (*Goldbard v Empire State Mut. Life Ins. Co., supra*, at 236.) General Obligations Law § 15-501 (3) provides that "[i]f an executory accord is not performed according to its terms by one party, the other party shall be entitled either to assert his rights under the claim, cause of action, contract [or] obligation * * * which is the subject of the accord, or to assert his right under the accord." (*See, American Bank & Trust Co. v Koplik*, 87 AD2d 351.) Consequently, the motion court should have allowed plaintiff to interpose the cause of action for breach of the settlement agreement.

With regard to plaintiff's proposed breach of contract cause of action as a third-party beneficiary to the CM contract, the motion court properly precluded plaintiff from interposing this claim. The CM contract provides, in relevant part, that: "The sole beneficiaries of this Agreement are the parties hereto * * * This Agreement is not intended to confer any benefit or rights upon persons other than the parties hereto."

Thus, the CM contract, by its own terms, expressly negates enforcement of the contract by third parties, and that provision is controlling (*see, Fitzpatrick Constr. Corp. v County of Suf-*

*folk*, 138 AD2d 446, 449-450, *lv denied* 73 NY2d 807; *City of New York v Kalisch-Jarcho, Inc.*, 161 AD2d 252; *Sokoloff v Harriman Estates Dev. Corp.*, 275 AD2d 317, *revd on other grounds* 96 NY2d 409). Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.