■ EILEEN ROBERT, Appellant, v DANIEL KOHS, Respondent. [826 NYS2d 220]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered April 19, 2006, which, after a nonjury trial, awarded plaintiff the sum of $500, unanimously modified, on the law and the facts, to vacate the award of monetary damages and declare that the pediment of 47 Charles Street encroaches on plaintiff's property, defendant directed to remove the pediment from plaintiff's property, and otherwise affirmed, without costs.

After defendant, an architect, acquired two adjoining townhouses at a foreclosure sale, he embarked on a renovation combining the two structures into a single, grand family residence, restoring many original architectural details to the exterior. The restored properties have since been sold to another individual, not named in this lawsuit. Plaintiff owned a townhouse adjacent to one of these buildings. This action seeks equitable relief and monetary damages for, in part, defendant's encroachment and trespass onto her property. The court found, as defendant had conceded, that the curved arch, or pediment, above the entry door of one of the buildings extends over plaintiff's property by approximately three inches. This was the only encroachment established at trial. Since the evidence supports this finding, there is no reason to disturb it.

However, the court erred in the remedy it directed. Defendant had no right to erect an arch extending over the front of plaintiff's building, even if the intrusion amounted to three inches only. The court fixed compensation at $500 because a witness had testified it would cost that amount to remove the encroachment. However, plaintiff, as a practical and realistic matter, cannot use the money to remove only the three inches of the pediment which is affixed to and overhangs her property without seriously compromising the appearance of both residences. The practical effect thus compels plaintiff to accept a minimal amount of money to compensate her for a permanent loss of part of her property, which is an inappropriate and indeed a virtually meaningless remedy in these circumstances.

We emphasize that in a situation like this where a portion of a defendant's property permanently encroaches on that of the plaintiff's, the law generally looks to equity for a solution (see *Sakele Bros. v Safdie*, 302 AD2d 20, 27 [2002]; *Board of Mgrs. of Hudson View W. Condominium v Hudson View Towers Assoc.*, 182 AD2d 404 [1992]; *see also Cohen v Krantz*, 227 AD2d 581 [1996]; *Hullar v Glider Oil Co.*, 219 AD2d 825 [1995]). Since the preferred form of remedy for trespass and encroachment depends on the particular circumstances of a case, it should be suited to them so that the equitable relief is both realistic, and, at the same time, effective to prevent a continuing encroachment. Accordingly, the court should have afforded plaintiff equitable relief by directing removal of the offending encroachment. This measure is more sensible because defendant or his successor can remove the entire offending structure and either replace it with a smaller pediment or otherwise make an appropriate adjustment. Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.