In the Matter of ZHUANG LI CAI, Appellant, v M.D. JAMIL UDDIN, Respondent. [871 NYS2d 675]—

In a "proceeding" to compel M.D. Jamil Uddin to remove a portion of his fence from where it allegedly encroaches on the petitioner's property, and to recover damages resulting from such alleged encroachment, the appeal is from an order of the Supreme Court, Queens County (Markey, J.), dated March 18, 2008, which dismissed the petition.

Ordered that the order is affirmed, with costs.

The evidence before the Supreme Court established that, at most, the alleged encroachment onto the appellant's property consisted of one or more fenceposts intruding onto the property by approximately two inches. Under the particular circumstances of this case, the Supreme Court properly concluded, based on the record before it, that the alleged encroachment was de minimis and properly denied the appellant's request to compel the respondent to remove the alleged encroachment (see Wing Ming Props. [U.S.A.] v Mott Operating Corp., 79 NY2d 1021 [1992]; Hoffmann Invs. Corp. v Yuval, 33 AD3d 511 [2006]; Generalow v Steinberger, 131 AD2d 634 [1987]; but see Robert v

*Kohs,* 35 AD3d 178 [2006]). Moreover, based on the de minimis character of the alleged encroachment and the complete absence of any evidence to support the appellant's claim for damages, the Supreme Court properly declined to award the appellant any damages (*see Wing Ming Props. [U.S.A.] v Mott Operating Corp.,* 79 NY2d at 1023; *see also Generalow v Steinberger,* 131 AD2d at 635). Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.