TRAVELERS INDEMNITY COMPANY OF AMERICA, as Subrogee of Contrail, LLC and Another, Respondent, v MORE BUYING POWER, INC., Appellant. (Action No. 1.) CONTRAIL, LLC, Respondent, v MORE BUYING POWER, INC., Appellant. (Action No. 2.) [888 NYS2d 748]—

In a subrogation action to recover for payments by the plaintiff to its insured for injury to property (action No. 1), and an action, inter alia, to recover damages for injury to property (action No. 2), the defendant in both actions appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 25, 2009, which denied its motion for summary judgment dismissing the complaints in both actions.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaints in both actions is granted.

Travelers Indemnity Company of America (hereinafter Travelers), as subrogee of Contrail, LLC, and Shamrock of Dutchess, LLC, the plaintiff in action No. 1, issued an insurance policy to Contrail, LLC (hereinafter Contrail), the plaintiff in action No. 2, providing insurance coverage for a warehouse owned by Contrail. More Buying Power, Inc., the defendant in both actions, leased a portion of the warehouse.

On April 17, 2005, the warehouse was damaged by a fire. It was later determined that an unknown and unapprehended person intentionally started that fire in an area just outside of the warehouse. Prior to the incident, Contrail's owner had complained to the defendant that its employees were creating a "fire issue" by consistently leaving debris and trash in that area.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by showing, inter alia, that even if it was negligent in leaving debris and trash in the area in question, any negligence was not a proximate cause of the damages alleged by the plaintiffs, since, under the circumstances, the arsonist's conduct was not foreseeable (*see Santiago v New York City Hous. Auth.*, 63 NY2d 761, 762-763 [1984]; *cf. East Ramapo Cent. School Dist. v Orangetown-Monsey Hebrew School*, 141 AD2d 693 [1988]). In opposition, Travelers and Contrail failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaints in both actions (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.