■ Giuseppe Averaimo et al., Appellants, v Armando Tavares et al., Respondents. [941 NYS2d 629]—

In an action, inter alia, pursuant to RPAPL 871 for an injunction compelling the defendants to remove a fence allegedly encroaching on the plaintiffs' real property and a judgment declaring that the plaintiffs are the owners of the disputed parcel of property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 7, 2011, as, upon renewal, adhered to a determination in an order of the same court dated

November 5, 2010, granting the defendants' motion for summary judgment dismissing so much of the complaint as sought injunctive relief or damages, and for summary judgment, in effect, declaring that the defendants are the owners of the disputed parcel of property.

Ordered that the order entered April 7, 2011, is modified, on the law, by deleting the provision thereof, upon renewal, adhering to so much of the order dated November 5, 2010, as granted that branch of the defendants' motion which was for summary judgment, in effect, declaring that the defendants are the owners of the disputed parcel of property, and substituting therefor a provision, upon renewal, vacating that portion of the order dated November 5, 2010, and thereupon, denying that branch of the defendants' motion; as so modified, the order entered April 7, 2011, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs commenced this action against the defendants, adjacent landowners, seeking an injunction requiring the defendants to remove a fence which the plaintiffs claimed encroached upon their property, or to recover damages for the encroachment, and a judgment declaring that the plaintiffs are the owners of the parcel of property lying between the defendants' fence and the boundary of the parties' properties. The defendants moved for summary judgment, and in an order dated November 5, 2010, the Supreme Court granted the motion. The plaintiffs moved for leave to renew their opposition to the motion. In an order entered April 7, 2011, the Supreme Court granted renewal and, upon renewal, adhered to the original determination.

Upon renewal, the Supreme Court properly adhered to so much of the order dated November 5, 2010, as granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought an injunction compelling them to remove the fence, or to recover damages. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the encroachment onto the plaintiffs' property, which, viewing the evidence in the light most favorable to the plaintiffs, measured one foot at the back of the property and four inches on other portions of the property, was de minimis (*see Wing Ming Props. [U.S.A.] v Mott Operating Corp.*, 79 NY2d 1021, 1023 [1992]; *Matter of Zhuang Li Cai v Uddin*, 58 AD3d 746, 747 [2009], *cert denied* 562 US —, 131 S Ct 940 [2011]; *Hoffmann Invs. Corp. v Yuval*, 33 AD3d 511, 512 [2006]; *Generalow v Steinberger*, 131 AD2d 634, 635 [1987]; *cf. Town of Fishkill v Turner*, 60 AD3d

932, 932-933 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court erred, however, upon renewal, in adhering to so much of the order dated November 5, 2010, as granted that branch of the defendants' motion which was for summary judgment, in effect, declaring that they are the owners of the disputed parcel of property. The defendants, who claimed title to the disputed parcel by virtue of adverse possession, failed to eliminate triable issues of fact as to whether they possessed the disputed parcel for the requisite 10-year time period (see RPAPL 501 [2]; CPLR 212 [a]; *Ram v Dann*, 84 AD3d 1204, 1206 [2011]). While the defendant Armando Tavares testified at his deposition that the disputed parcel was enclosed by the fence and used by the defendants as a driveway since 1979, the defendants also submitted the deposition testimony of the plaintiff Giuseppe Averaimo in support of their motion. Averaimo testified that, in 2003, the defendants removed a fence that had existed along the parties' property line since at least 1974, and replaced it with a new fence, which, unlike the prior fence, was placed upon the plaintiffs' land. Accordingly, the defendants' evidence did not eliminate questions of fact as to whether they possessed the disputed parcel of property prior to 2003. The defendants, therefore, were not entitled to summary judgment declaring that they are the owners of the disputed parcel of property. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.