*602 Orders, Supreme Court, New York County (Bernard J. Fried, J.), entered June 28, 2011 and July 20, 2011, which, respectively, granted plaintiffs motion to confirm a Special Referee’s report denying defendant’s discovery requests and denied defendant’s cross motion to reject the report, and denied defendant’s motion for leave to amend its answer to include the affirmative defense of patent invalidity, unanimously affirmed, with costs.
Pursuant to the parties’ “Master Software License, Maintenance and Service Agreement,” defendant had the right to the use of certain software and equipment and to maintenance and support services, in exchange for the payment to plaintiff of an annual licensing fee and a monthly maintenance fee (the Fixed Fees). Defendant also agreed to share with plaintiff portions of any commissions it received as a result of trading activity by its clients. The Fixed Fees were required to be paid through the six-year term of the agreement and could be declared due and payable immediately in the event of a default by defendant.
Approximately four years into the term of the agreement, defendant ceased doing business, and ceased paying the Fixed Fees. Plaintiff negotiated new commission contracts, which did not include payment of the Fixed Fees, with former clients of defendant. AJter plaintiff commenced this action to recover the remainder of the Fixed Fees, defendant sought discovery of the new commission contracts on the ground that plaintiffs ability to collect the full commissions reduced its claim. The court denied defendant’s request, finding that the new commission contracts were irrelevant to plaintiffs right to the Fixed Fees and therefore not necessary in the defense of the action (see CPLR 3101). We agree.
The license agreement clearly and unambiguously entitled plaintiff to an annual license fee and a monthly maintenance fee for the entire term of the agreement and, upon defendant’s default, to all fees owing through the remainder of the term. The agreement also provided that plaintiffs right to the Fixed Fees was not tied to any other remedy available to it. Thus, according to the plain meaning of the agreement’s terms, the Fixed Fees were not intended to act as “substitute revenues” for the commissions, as defendant claims (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).
The court also properly denied defendant’s motion to amend its answer to include the affirmative defense of patent invalidity. “The decision to allow or disallow the amendment is committed to the court’s discretion” (Edenwald Contr. Co. v City of *603 New York, 60 NY2d 957, 959 [1983]). Furthermore, leave to amend should be denied when the proposed amendment is patently lacking in merit (Board of Mgrs. of Alexandria Condominium v Broadway/72nd Assoc., 285 AD2d 422, 423 [2001]). The defense of patent invalidity was premised on the assertion that the agreement was actually a patent license. This position is frivolous. The claim was made for the first time nine years after the execution of the agreement, more than four years after the filing of the complaint in this action, and more than five years after the patent alleged to be a part of the agreement was declared invalid. The agreement contains no indicia whatsoever that it was intended to be a patent license. The word “patent” appears nowhere in the agreement, and, in fact, the disputed patent was not issued until two years after the agreement was executed. Indeed, Refco admitted that it only learned of the “580 Patent” in 2010. Again, this was nine years after the original agreement was executed.
We have considered defendant’s remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Saxe, Catterson, Acosta and Román, JJ.