510

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 27, 2012, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion with respect to the causes of action for trespass and unjust enrichment, and otherwise affirmed, without costs.

Defendants' submissions show that the western wall of defendant Chelsea's building was leased to a nonparty for the purpose of posting an advertising sign, which protruded into plaintiff's airspace without plaintiff's consent or permission. While the encroachment of the four-inch bolts and the advertising sign is small, it remains a trespass where defendants are liable for the use of plaintiff's property rights (cf. *Sakele Bros. v Safdie*, 302 AD2d 20, 27 [1st Dept 2002]; *Salesian Socy. v Village of Ellenville*, 121 AD2d 823, 824 [3d Dept 1986]). We reject defendants' contention that dismissal of the trespass claim was warranted because the encroachment of four inches was minimal. An invasion of another's property or airspace need not be more than de minimis in order to constitute a trespass (cf. *Hoffmann Invs. Corp. v Yuval*, 33 AD3d 511, 512 [1st Dept 2006]; *Wing Ming Props. [U.S.A.] v Mott Operating Corp.*, 172 AD2d 301 [1st Dept 1991], *affd* 79 NY2d 1021 [1992]).

The motion court properly dismissed the portion of plaintiff's claim based on the temporary use of airspace to hang scaffolding while installing signs in the past as de minimis. Defendants could have sought a license for the use of airspace during the installation of each sign (*see* RPAPL 881). At that time, if appropriate, plaintiff could have requested injunctive relief. Notwithstanding, the relief of an injunction is a drastic remedy "granted [only] in a clear case, reasonably free from doubt" (*116 E. 57th St., Inc. v Gould*, 273 App Div 1000, 1000 [1st Dept 1948], *lv denied* 274 App Div 782 [1948]), and plaintiff has not asserted damage to its property interest that required injunctive relief.

Issues of fact exist as to plaintiff's unjust enrichment claim since plaintiff alleged that defendants earned income through the use of its airspace rights, for which it should be compensated. Moreover, defendants have not shown that the unjust enrichment claim is time-barred. The lease defendants submitted in support of their motion shows that plaintiff commenced the action well within the six-year statute of limitations (*see* CPLR

213 [1]). Further, defendants have not submitted any other leases or evidence showing that the claim is time-barred. Concur—Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.

■ In the Matter of Lilliam A., Respondent, v Juan V., Appellant. [961 NYS2d 919]—

Order, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about February 15, 2012, which denied respondent-appellant's motion to vacate an order of filiation entered upon default, unanimously affirmed, without costs.

The court providently exercised its discretion in denying respondent's motion to vacate his default, as he failed to demonstrate that he has a meritorious defense. Initially, his affidavit fails to challenge the allegation that he was in a sexual relationship with the mother during the relevant periods of the children's conception (see Matter of A.C.S. Child Support Litig. Unit v David S., 32 AD3d 724, 724-725 [1st Dept 2006]). Moreover, respondent does not dispute that the children were traveling from Rhode Island to New York in order to have yearly visits with him and his family, including the paternal grandparents, and that he purchased gifts for them on various occasions including three Christmases since their birth. Further, he fails to demonstrate that the children do not consider him to be their father as a result of his fostering a parent-child relationship with them (see Matter of Alexis T. v Vanessa C.-L., 101 AD3d 436 [1st Dept 2012]; Matter of Enrique G. v Lisbet E., 2 AD3d 288, 288-289 [1st Dept 2003]). Concur—Sweeny, J.P., Acosta, Román, Feinman and Clark, JJ.

■ In the Matter of Andy Z., a Child Alleged to be Neglected. Hong Lai Z., Appellant; Commissioner of Social Services of the City of New York, Respondent. [963 NYS2d 195]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 8, 2010, which, to the extent appealed from as limited by the briefs, brings up for review a fact-finding determination that respondent father had neglected the subject child, unanimously reversed, on the law and the facts, without costs, the finding of neglect vacated, and the petition dismissed as against the father.

The Family Court's findings of neglect against the father,