■ HARMIT REALTIES LLC, Appellant-Respondent, v 835 AVENUE OF THE AMERICAS, L.P., et al., Respondents-Appellants, et al., Defendants. [9 NYS3d 42]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 5, 2014, which granted in part, and denied in part, defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously modified, on the law, the first cause of action, for declaratory judgment, and second cause of action, for breach of contract and monetary damages, reinstated, and otherwise affirmed, without costs.

The court properly rejected defendants' contention that the action was time-barred. As air rights are an interest in real property (*see Macmillan, Inc. v CF Lex Assoc.*, 56 NY2d 386, 392-393 [1982]; *see also El Paso Corp. v New York State Dept. of Taxation & Fin.*, 36 AD3d 655, 657 [2d Dept 2007], *lv denied* 8 NY3d 813 [2007]), the three-year statute of limitations for conversion claims is inapplicable (*see B&C Realty, Co. v 159 Emmut Props. LLC*, 106 AD3d 653, 656 [1st Dept 2013]; *Benn v Benn*, 82 AD3d 548, 550 [1st Dept 2011]). The cases cited by defendant do not involve real property (*see Sporn v MCA Records*, 58 NY2d 482, 488 [1983]), or analyze whether the development rights therein constituted real or personal property (*Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc.*, 73 AD3d 581, 582 [1st Dept 2010]; *Goulian v Gramercy 29 Apts.*, 199 AD2d 98, 98 [1st Dept 1993]).

Plaintiff's first cause of action, for a declaratory judgment, is reinstated, as the allegations and documentary evidence establish a justiciable controversy concerning the parties' legal rights involving the development rights under the agreements (*see American Ins. Assn. v Chu*, 64 NY2d 379, 383 [1985], *cert denied* 474 US 803 [1985]; *Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 99-100 [1st Dept 2009], *lv denied* 15 NY3d 703 [2010]).

We also reinstate the second cause of action, for breach of contract and monetary damages, as plaintiff has sufficiently pleaded breach of the agreements by alleging that defendants overbuilt their building based on their inaccurate reporting of air rights that plaintiff had sold and transferred to them, and the pleadings state allegations from which damages may be inferred (*see CAE Indus. v KPMG Peat Marwick*, 193 AD2d 470, 472-473 [1st Dept 1993]). The complaint alleges that defendants used certain of plaintiff's development rights without proper compensation, and that plaintiff's rights to further development of its building has been negatively affected by defendants' actions. Further, as the complaint alleges direct damages that "directly flow from the breach" (*see generally Biotronik A.G. v Conor Medsystems Ireland, Ltd.*, 22 NY3d 799, 805 [2014]), the court erred in concluding that the waiver of consequential damages provision barred the requested relief at this stage of the proceeding. For these reasons, and because it is unclear at this point whether monetary damages provide an adequate remedy, we affirm the sustaining of the third cause of action, for specific performance.

The court properly dismissed the fourth cause of action, for trespass, as plaintiff failed to show physical encroachment on its property (*cf. Madison 96th Assoc., LLC v 17 E. 96th Owners Corp.*, 120 AD3d 409 [1st Dept 2014]; *Wing Ming Props. [U.S.A.] v Mott Operating Corp.*, 172 AD2d 301 [1st Dept 1991], *affd* 79 NY2d 1021 [1992]). The claim is also duplicative of the breach of contract claims, as it is based on the same allegations, and seeks the same damages (*Eden Roc, LLLP v Marriott Intl., Inc.*, 116 AD3d 486 [1st Dept 2014]). Concur— Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.