■ CARBURES EUROPE, S.A., et al., Appellants-Respondents, v EMERGING MARKETS INTRINSIC CAYMAN LTD. et al., Respondents-Appellants, et al., Defendants. [49 NYS3d 103]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about June 9, 2016, which, to the extent appealed from as limited by the briefs, granted defendants Emerging Markets Intrinsic Cayman Ltd. and Emerging Markets Intrinsic Ltd.'s motion to dismiss the claims for fraud and breach of the implied covenant of good faith and fair dealing as against them, and denied the motion to dismiss the breach of contract claim as against them, unanimously modified, on the law, to grant the motion as to the breach of contract claim as against defendant Emerging Markets Intrinsic Ltd., and otherwise affirmed, without costs.

Pursuant to a Margin Lending Agreement (MLA), defendant EMI Markets Intrinsic Cayman Ltd. (EMI Cayman) agreed to lend plaintiff Carbures Europe, S.A. €7 million in exchange for €14 million worth of Carbures stock as collateral for the repayment of the loan. The MLA provides, as relevant, that, except upon an event of default or as a hedge, the collateral "will not be (i) loaned, pledged, repledged, hypothecated or rehypothecated outside of the Lender or structure itself or (ii) sold or traded in any exchange or over-the-counter transactions." Plaintiffs allege that EMI Cayman repeatedly sold and lent the

collateral shares, in contravention of the MLA, which caused the share price to decline.

Defendants' contention that the subject transactions constituted permissible "hedging" under the MLA is supported by a version of events that conflicts with the allegations in the complaint, which we accept as true for purposes of deciding this CPLR 3211 motion. Nor do the allegations in the complaint show that, as defendants contend, plaintiffs breached the MLA, triggering an event of default that permitted defendants to liquidate the collateral. Moreover, dismissal of the breach of contract claim is not mandated by the "no consequential damages" provision of the MLA, since the complaint alleges at least $50 million in general damages, i.e., damages flowing directly from the breach (*see Biotronik A.G. v Conor Medsystems Ireland, Ltd.*, 22 NY3d 799, 806 [2014]; *Harmit Realties LLC v 835 Ave. of the Ams., L.P.*, 128 AD3d 460, 461 [1st Dept 2015]).

However, we dismiss the breach of contract claim as against Emerging Markets Intrinsic Ltd. because section 4 (c) of the MLA precludes liability against the agent absent gross negligence or willful misconduct, neither of which is present here.

The fraud claim is duplicative of the breach of contract claim, since it is based on allegations that EMI Cayman's promises to perform were not sincere (*Mañas v VMS Assoc., LLC*, 53 AD3d 451, 453 [1st Dept 2008]). Moreover, the claim alleges expressions of future intent, not misrepresentations of present facts (*see Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 115 [1st Dept 1998]).

The claim of breach of the implied covenant of good faith and fair dealing is also duplicative of the breach of contract claim (*Feld v Apple Bank for Sav.*, 116 AD3d 549, 551 [1st Dept 2014], *lv denied* 23 NY3d 908 [2014]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ.