Nasta v Rajapaksa (2025 NY Slip Op 00024)

Nasta v Rajapaksa

2025 NY Slip Op 00024

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 652131/23 Appeal No. 3378 Case No. 2024-02078 

[*1]Vivek Nasta, Plaintiff-Respondent,
v
Roshini Rajapaksa, Defendant-Appellant, Manish Chopra, Defendant.

Abrams Fensterman, LLP, White Plains (Daniel S. Alter of counsel), for appellant.
Arkin Solbakken LLP, New York (Robert C. Angelillo of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered March 18, 2024 which, insofar as appealed from as limited by the briefs, denied defendant's motion to dismiss plaintiff's breach of contract claim in its entirety and which, sua sponte, imposed monetary sanctions in the form of counsel fees on defendant, unanimously modified, on the law and the facts, to vacate the award of sanctions, and otherwise affirmed, without costs.
The award of costs and sanctions was unwarranted under 22 NYCRR 130-1.1(c) in that defendant's motion to dismiss was granted in substantial part, and there was no evidence of "abusive, dilatory, or contumacious conduct by defendant[]" (Cepeda v City of New York, 211 AD3d 570, 571 [1st Dept 2022]; see Levy v Carol Mgt. Corp., 260 AD2d 27, 33 [1st Dept 1999]). Defendant's argument that she was entitled to test the sufficiency of plaintiff's amended complaint prior to proceeding to arbitration has a sound basis in the law (see e.g. Singer v Jeffries & Co., 78 NY2d 76, 85-86 [1991]; Singer v Seavey, 83 AD3d 481, 482 [1st Dept 2011]), and thus, pursuing resolution of her motion was not frivolous under 22 NYCRR 130-1.1 (c) (see Unobagha v Hilton Garden Inn Times Sq. N., 216 AD3d 524, 525 [1st Dept 2023], lv denied 40 NY3d 909 [2023]).
The motion court properly declined to dismiss the remainder of plaintiff's breach of contract claim. Plaintiff alleged that, among other things, defendant failed to provide him with tax documents, information, and dividends related to his beneficial ownership of shares of stock, as required by the terms of the parties' stipulation of settlement in their divorce action. As a result, this states "allegations from which damages may be inferred" sufficient to withstand defendant's motion at the pleading stage (Harmit Realties LLC, v 835 Ave. of the Ams., L.P., 128 AD3d 460, 461 [1st Dept 2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025