Shuaiyu Li v O'Leary (2025 NY Slip Op 04740)

Shuaiyu Li v O'Leary

2025 NY Slip Op 04740

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-05971
 (Index No. 615036/20)

[*1]Shuaiyu Li, respondent,
v
Michael J. O'Leary, Jr., et al., appellants.

Fullerton Beck LLP, White Plains, NY (Edward J. Guardaro, Jr., and Jason Aaron of counsel), for appellants.
Rosales Del Rosario, P.C., Flushing, NY (Leo L. Rosales of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for private nuisance, trespass, and injury to property, and for injunctive relief, the defendants appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated May 8, 2023. The order denied the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging private nuisance and injury to property and the cause of action, in effect, for an injunction compelling the defendants to remove a fence allegedly encroaching on the plaintiff's real property, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In December 2020, the plaintiff commenced this action against the defendants, the owners of property adjacent to his, to recover damages for private nuisance, trespass, and injury to property and for injunctive relief. The plaintiff alleged, among other things, that during the construction of the defendants' new home in 2018, the defendants elevated the level of their property so that it sloped towards his property, which caused water to flow from the defendants' property onto his property and form pools of water on his driveway and yard. The plaintiff also alleged that the defendants installed a vinyl fence that encroached on the plaintiff's property. Thereafter, the defendants moved for summary judgment dismissing the amended complaint. In an order dated May 8, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging private nuisance. The elements of a private nuisance cause of action are: "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570; see Harris v Miranda, 219 AD3d 1498, 1499). Here, the defendants submitted an affidavit of their expert engineer who, inter alia, inspected both properties and concluded that the defendants' property was not causing or contributing to the pooling of water on the plaintiff's property and that the condition and configuration of the plaintiff's property was the [*2]sole proximate cause of the pooling of water on the plaintiff's property. Accordingly, the defendants satisfied their prima facie burden by establishing that they did not cause water to pool onto the plaintiff's property (see DiDomenico v Long Beach Plaza Corp., 60 AD3d 618, 619-620). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reasons, the court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging injury to property (see Travelers Indem. Co. of Am. v More Buying Power, Inc., 67 AD3d 1000, 1001; Linden Towers Coop #4 v City of New York, 272 AD2d 587, 587).
The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging trespass. "The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn" (Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 855 [citations omitted]; see Wlody v Birch Family Servs., Inc., 210 AD3d 1036, 1037). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging trespass, as the survey they submitted failed to eliminate triable issues of fact as to whether the defendants' vinyl fence was encroaching on the plaintiff's property. Although the survey indicates that the fence only encroached by approximately eight inches in one area, this encroachment, even if de minimis, is actionable (see Shrage v Con Edison Co., 216 AD3d 1023, 1026). Moreover, the defendants failed to make a prima facie showing that they acquired title to the disputed strip of land by adverse possession, as they did not possess the disputed strip of land for 10 years (see Bullock v Louis, 188 AD3d 783, 784; Diaz v Mai Jin Yang, 148 AD3d 672, 674) and were not entitled to tack on any alleged adverse possession by their predecessor since they failed to submit any evidence that their predecessor "intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (Brand v Prince, 35 NY2d 634, 637; see Munroe v Cheyenne Realty, LLC, 131 AD3d 1141, 1143; Ram v Dann, 84 AD3d 1204, 1206).
However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action, in effect, for an injunction compelling the defendants to remove the vinyl fence encroaching on the plaintiff's property. The defendants established, prima facie, that the encroachment was de minimis and, thus, not sufficient to warrant injunctive relief (see Umlas v Britton, 222 AD3d 1031, 1031-1032; Averaimo v Tavares, 93 AD3d 745, 746). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court