Fiondella v 345 W. 70th Tenants Corp. (2026 NY Slip Op 01595)

Fiondella v 345 W. 70th Tenants Corp.

2026 NY Slip Op 01595

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Index No. 152957/21|Appeal No. 6157-6158|Case No. 2024-07212, 2024-06421|

[*1]Paul Fiondella, Plaintiff-Appellant,
v345 West 70th Tenants Corp., Defendant-Respondent. 

Charla Bikman, East Hampton, for appellant.
Richland & Falkowski, Washingtonville (Daniel H. Richland of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about August 28, 2024, which denied plaintiff's motion to restore the action or vacate the parties' January 2020 so-ordered stipulation of settlement, unanimously affirmed, without costs. Order, same court (David B. Cohen, J.), entered on or about October 11, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion under CPLR 3211(a) to dismiss defendant's counterclaim for breach of the parties' January 2020 so-ordered stipulation of settlement and defendant's related first, third, branches of the sixth, and thirteenth affirmative defenses, unanimously affirmed, without costs.
Supreme Court did not err in denying plaintiff's motion for vacatur of the parties' January 2020 so-ordered stipulation of settlement (the stipulation) of his 2019 action because plaintiff's claim that defendant breached the stipulation requires consideration of new facts that were not previously pleaded in the 2019 action. Instead, plaintiff was properly granted leave to bring any unresolved claims against defendant in a new action. This includes those claims based on the alleged lost proceeds from plaintiff's sale of his apartment that resulted from defendant's alleged negligence in failing to perform repairs, or for breach of the warranty of habitability for the period after he entered into the stipulation until the apartment was sold (see Board of Mgrs. of Alexandria Condominium v Broadway/72nd Assoc., 285 AD2d 422, 424 [1st Dept 2001]; see also Fiondella v 345 W. 70th Tenants Corp., 217 AD3d 495, 496 [1st Dept 2023]). General Obligations Law § 15-501(3) does not compel a different result. Although the statute permits a party to restore a claim that had been resolved under an executory accord, including a stipulation of settlement, it also permits an aggrieved party to assert his rights in a new pleading (see Broadway/72nd Assoc., 285 AD2d at 424).
Supreme Court also correctly concluded that the stipulation was neither procedurally nor substantively unconscionable. When plaintiff previously raised this argument for the first time on his prior appeal, we observed, "plaintiff fails to allege facts that would warrant setting aside the stipulation" (Fiondella, 217 AD3d at 496). That observation still holds true.
To start, plaintiff failed to establish how the stipulation is procedurally unconscionable. Indeed, he was represented by counsel at all times and the terms were so-ordered by Supreme Court (see e.g. Gillman v Chase Manhattan Bank, 73 NY2d 1, 11 [1988]). Although plaintiff maintains he lacked a meaningful choice in entering into the stipulation because defendant threatened to terminate his proprietary lease, these two companion actions arising out of purportedly improper notices by defendant reflect that plaintiff and his counsel at all relevant times were fully capable of challenging defendant's purportedly improper actions through proper legal channels.
Plaintiff also failed to establish substantive unconscionability. Plaintiff maintains that he was penalized for exercising his rights in various actions against defendant and forced to give up his rights to attorneys' fees and damages. Conversely, plaintiff avers, defendant was not required to do anything more than fulfill its obligations under the proprietary lease. This argument, however, fails to appreciate that the stipulation redounded largely in plaintiff's favor, by requiring the cooperative to undertake significant structural repairs it had previously refused to perform and also avoiding further litigation relating to any purportedly objectionable conduct on his part. Thus, the stipulation's terms were not "so grossly unreasonable or unconscionable" as to warrant vacatur of the stipulation (Gillman, 73 NY2d at 10). Further, plaintiff's request to enforce the stipulation's terms directly contradicts his assertion of unconscionability.
Turning to plaintiff's appeal of the October 10, 2024 order in the 2021 action, Supreme Court properly determined that the facts relating to both parties' alleged breach of the stipulation should be addressed on the merits. Although the documentary evidence shows that, as of December 2021, defendant had not resolved all of the relevant violations of record as required by paragraph 2 of the stipulation, the parties dispute whether those violations were either subsequently cured or waived by plaintiff's purchaser. Therefore, because the central question of whether defendant was entitled to a release from plaintiff remains unresolved, Supreme Court's denial of the motion under CPLR 3211(a)(1) was warranted.
As for defendant's counterclaim for breach of the stipulation, Supreme Court correctly concluded that collateral estoppel is not a basis for dismissal. Although plaintiff maintains that Supreme Court's July 25, 2022 order in the 2019 action conclusively resolved the question of whether plaintiff was required to provide a release to defendant, that order states only that defendant had not submitted an affidavit or other evidence that would permit the court to compel plaintiff to provide a release. Because there was no factual determination or final order on the question of the cooperative's entitlement to a release, collateral estoppel does not bar the counterclaim (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]).
Supreme Court also properly denied plaintiff's motion to dismiss the counterclaim under CPLR 3211(a)(7) based on the lack of allegations of specific damages. At the pleadings stage, it is enough for a counterclaim to allege facts from which "damages may be inferred" (Harmit Realties LLC v 835 Ave. of Ams., L.P., 128 AD3d 460, 461 [1st Dept 2015]). Here, assuming the truth of the allegations in the counterclaim, damages aside from attorneys' fees may be inferred from the loss of a bargained-for right to a release upon defendant's full performance in the event those facts are established (id.).
For the same reasons, Supreme Court properly sustained defendant's first affirmative defense and those branches of its sixth affirmative defenses to the extent they allege that plaintiff breached the stipulation and interfered with the cooperative's performance (see e.g. W. 122nd St. Assoc., L.P. v Gibson, 5 Misc 3d 137(A), 2004 NY Slip Op 51578[U] [App Term, 1st Dept 2004]). With respect to defendant's third affirmative defense asserting that plaintiff sold the apartment in April 2022, this defense is properly pleaded under this Court's 2023 decision. As this Court specifically held therein, plaintiff was entitled to assert his claim for breach of the warranty of habitability, but only "for the period following the execution of the January 2020 so-ordered stipulation during which plaintiff lived in the apartment while the alleged structural defects in the apartment persisted and defendant allegedly failed to remedy them" (Fiondella, 217 AD3d at 496).
Finally, Supreme Court correctly determined that this Court's 2023 decision did not preclude defendant from asserting the thirteenth affirmative defense alleging that the stipulation resolved all of the parties' remaining claims. Plaintiff is correct that this Court's 2023 decision observed that the terms of the stipulation do not appear to express an intent to release prospective claims (id.). However, the merit of this defense has not been decided conclusively (see e.g. M. Dietrich, Inc. v Bentwood Tel. Corp., 56 AD2d 753, 754 [1st Dept 1977]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026